UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIE ROGERS GRIFFIN,<br>    Plaintiff,<br><br>v.<br><br>POLICE DEPARTMENT, LIBRARY, SAVE MORE STORE, and CITY OF COMPTON,<br>    Defendants. | Civil Action<br>No. 22-10480-PBS |

**ORDER**

May 25, 2022

SARIS, D.J.

    Pro se plaintiff Willie Rogers Griffin, who has provided a general delivery address in North Las Vegas, Nevada, filed a complaint against five California defendants as follows: (1) the "police" in San Bernadino, California; (2) the "library" in in San Bernadino, California; (3) "Save More Store" in San Bernadino, California; (4) the "Police Department" in Compton, California; and (5) the City of Compton, California.  Griffin also filed a motion for leave to proceed in forma pauperis and a motion to administer a polygraph test of the defendants.

    Upon review of these pleadings, the Court hereby orders:

    1.  The motion (Dkt. No. 2) for leave to proceed in forma pauperis is DENIED WITHOUT PREJUDICE as incomplete.  In his motion, Griffin fails to answer Questions 2, 5 and 6.  These questions have been left blank.  Without this information, the

Court cannot determine whether he is unable to pay the $402 filing fee.

2.   The motion (Dkt. No. 3) for administration of a polygraph test is DENIED AS MOOT.

3.   This action is DISMISSED.  Exercising its inherent authority to conduct a preliminary review of a complaint, see Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 11 n.5 (1st Cir. 1985), the Court concludes that Griffin has failed to state a claim upon which relief may be granted.  To state a claim for relief a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)).  This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why."  Id. (quoting Educadores, 367 F.3d at 68).

Here, Griffin's complaint does not set forth a short and plain statement showing that he is entitled to relief.  Griffin asserts federal question jurisdiction and states "rigth (sic) to be freedom."  Compl. at ¶ II(A).  In his statement of his claim,

2

Griffin states: "social security [does not want to pay pension] from the death and do not want to pay early retirement and to not want to pay full retirement scale [and that the] police [are] helping th[e]ir work [steel Griffin's wealth from him and the defendant] store [is] asking for to[o] much tax." Id. at ¶ III (statement of claim).  Griffin also states that "Greyhound [failed to deliver Griffin's] dolly." Id.  Griffin complains that the library "know[s] the state law of ID." Id.  As to defendant Save More Store, the allegations are undecipherable except for the statement that "the microphone interfering with the law." Id.  Griffin Seeks damages in the amount of "2 trillion dollars." Id. at ¶ II(B)(3).  The complaint, which does not contain any other factual allegations, fails to provide the defendants with fair notice of their alleged misconduct.

The Court also notes that venue is does not exist in the District of Massachusetts.  None of the defendants appear to be residents of Massachusetts, and the events or omissions giving rise to the claim did not occur within the District of Massachusetts.  See 28 U.S.C. § 1391(b).

SO ORDERED.

                                           /s/ Patti B. Saris
                                           PATTI B. SARIS
                                           UNITED STATES DISTRICT JUDGE